**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DEREK ANTHONY COSTANTINO,          )          3:10-cv-00078-HDM (WGC)
                                   )
        Plaintiff,          )          **REPORT AND RECOMMENDATION**
                                   )          **OF U.S. MAGISTRATE JUDGE**
        vs.          )
                                   )
STATE OF NEVADA, et al.,           )
                                   )
        Defendants.          )
_____)

      This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.  Before the court is Plaintiff's Motion Requesting Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order. (Doc. #48.)[1] Defendants opposed (Doc. # 50) and Plaintiff replied (Doc. # 54). After a thorough review, the court recommends that Plaintiff's motion be denied.

**I. BACKGROUND**

      At all relevant times, Plaintiff Derek Anthony Costantino (Plaintiff) was in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl.  (Doc. # 10) 1.) Plaintiff is currently housed at High Desert State Prison, but the allegations giving rise to this action took place while he was housed at Ely State Prison (ESP). (*Id.*) Plaintiff, a *pro se* prisoner, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are Howard Skolnik, James Cox, E.K. McDaniel, Adam Endel, Renee Baker, Debra Brooks, Correctional Sergeant Bryant, and Pam

_____

[1] Refers to court's docket number.

DelPorto. (*Id.* at 3-4.) Plaintiff seeks injunctive and declaratory relief as well as damages. (*Id.* at 18.)

In Count I, Plaintiff alleges that Defendants DelPorto, Brooks, Endel, Baker, Bryant, McDaniel, Cox, and Skolnik violated his due process rights by designating him as a member of a Security Threat Group (STG)/Disruptive Group (DG), without affording him the due process protections outlined by NDOC Administrative Regulation (AR) 446 and Operational Procedure (OP) 446. (Doc. # 10 at 5.) Specifically, Plaintiff asserts he was designated as a member of the Aryan Warriors and was placed in ESP's Maximum Lockup Unit (MLU), which he contends constituted an atypical and significant hardship in relation to the ordinary incidents of prison life. (*Id.* at 5-7.)

In Count II, Plaintiff alleges that Defendants Skolnik, Cox, McDaniel, Endel, and Baker violated his Fourteenth Amendment due process rights and his First Amendment right to be free of retaliation, in connection with his placement in the MLU based on his status as a member of the STG/DG and alleged disciplinary violations. (Doc. # 10 at 8.) First, he asserts that Defendants failed to follow the procedures outlined in AR 509, governing protective or segregated housing, and that the disciplinary hearing finding of guilt was not based on any evidence. (*Id.* at 8-10.) Second, he asserts that the guilty finding on disciplinary charges and his placement in the MLU were in retaliation for filing grievances and lawsuits.[2] (*Id.* at 10-11.)

In Count III, Plaintiff alleges claims for due process related to his indefinite confinement in MLU, and the deprivation of his personal property, as well as a claim that he is being held in MLU in retaliation for filing grievances and lawsuits.[3] (Doc. # 10 at 12-15.) These claims are asserted against Defendants Skolnik, McDaniel, Endel, Baker, and Bryant.

Plaintiff has filed the instant motion seeking injunctive relief with respect to Defendant

---

[2]    His Eighth Amendment claim based on the conditions of confinement in MLU was dismissed with prejudice on screening. (*See* Doc. # 9 at 5.)

[3]    Plaintiff's equal protection and Eighth Amendment claims in Count III were dismissed with prejudice on screening. (*See* Doc. # 9 at 6-7.)

James Cox, his agents and employees, as follows: (1) that STG information not be used in connection with Plaintiff's classification; (2) that Plaintiff stop being restrained in the MLU; and (3) that his personal property no longer be restricted. (Doc. # 48 at 1-2.)

Defendants do not present a substantive opposition to Plaintiff's request for injunctive relief; rather, they present a technical argument that Plaintiff improperly seeks to shift the burden to Defendants to show why an injunction should not issue. (*See* Doc. # 50 at 5.)

## II.  DEFENDANT BRYANT

When the court issued its Report and Recommendation regarding Defendants' motion to dismiss on November 3, 2011 (Doc. # 45), Defendant Bryant had not yet been served. (*See* Doc. # 45 at 3.) Pursuant to Federal Rule of Civil Procedure 4(m), the court gave Plaintiff thirty (30) days within which to serve Defendant Bryant, or he would be dismissed without prejudice. To date, proof of service of the summons and operative complaint has not been filed with respect to Defendant Bryant.  Nor has Plaintiff made a showing of good cause for the failure to serve Defendant Bryant.  Accordingly, Defendant Bryant should be dismissed without prejudice pursuant to Rule 4(m).

## III.  LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of

1    preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the

2    public interest. *Id*. at 20 (citations omitted).

3          Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for

4    issuing a preliminary injunction that allowed the movant to offset the weakness of a showing

5    on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d

6    1127, 1131 (9th Cir. 2011). In *Winter*, the Supreme Court did not directly address the continued

7    validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*,

8    555 U.S. at 51 (Ginsburg, J., dissenting: "[C]ourts have evaluated claims for equitable relief on

9    a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the

10   likelihood of success is very high...This Court has never rejected that formulation, and I do not

11   believe it does so today."); *see also Alliance*, 632 F.3d at 1131. Instead, the portion of the

12   sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood,

13   of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v.*

14   *Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). The Ninth Circuit has since found that post-

15   *Winter*, this circuit's sliding-scale approach, or "serious questions" test "survives...when

16   applied as part of the four-element *Winter* test." *Alliance*, 632 F.3d at 1131-32. "In other words,

17   'serious questions going to the merits' and a hardship balance that tips sharply toward the

18   plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter*

19   test are also met." *Id*.

20         An even more stringent standard is applied where mandatory, as opposed to prohibitory

21   preliminary relief is sought. The Ninth Circuit has noted that although the same general

22   principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that

23   goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious

24   about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740

25   F.2d 670, 675 (9th Cir. 1984) (citation omitted). Thus, an award of mandatory preliminary

26   relief is not to be granted unless both the facts and the law clearly favor the moving party and

27   extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115

28

(9th Cir. 1979) (citations omitted). "[I]n doubtful cases" a mandatory injunction will not issue. *Id*.

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id*. at 999.

The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Moreover, it is appropriate to treat a non-ex parte motion for a temporary restraining order and preliminary injunction as a motion for a preliminary injunction. *See* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2951 (2d ed. 2007) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements.").

## IV. DISCUSSION

### 1. Likelihood of success on the merits

In order to be granted a preliminary injunction, Plaintiff must show he is likely to

succeed on the merits of a claim that would entitle him to the equitable remedy he seeks. *Winter*, 555 U.S. at 20.

Plaintiff argues that despite the removal of his STG designation at HDSP on or about February 23, 2011, on May 25, 2011, Plaintiff was against placed in the MLU without receiving a hearing. (Doc. # 48 at 3-4.) He asserts that he has not received due process as a result of his placement in the MLU. (*Id*.) He also claims that he has been placed in the MLU in retaliation for this litigation. (*Id.* at 6.)

While he asserts broad conclusions, Plaintiff has not presented sufficient factual evidence for the court to conclude Defendants have violated his due process rights. A more developed factual showing is required to demonstrate a likelihood of success on the merits, and Plaintiff has simply failed to provide sufficient evidence to substantiate his claim at this juncture.

**2. Irreparable Injury**

Plaintiff must demonstrate that irreparable injury is likely in the absence of an injunction. *Winter*, 555 U.S. at 20. "[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury." *Id.* at 22 (citations omitted).

Plaintiff argues that he has suffered and will continue to suffer irreparable injury due to his placement in the MLU. (Doc. # 48 at 6.)

While Plaintiff concludes he will suffer irreparable harm if he is forced to stay in the MLU, he has not specified what harm he has suffered or will continue to suffer in the event an injunction is not issued. This factor weighs against the issuance of an injunction.

**3. Balance of hardships**

A party seeking injunctive relief "must establish...that the balance of equities tips in his favor." *Winter*, 555 U.S. at 20.

Plaintiff argues that the balance of hardships weighs in his favor. (Doc. # 48 at 7.) He contends that if his request for injunctive relief is not granted, his continued confinement in the MLU will cause him unreasonable prolonged separation from his property. (*Id.*)

6

Absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor.  The court finds Plaintiff has not met his burden as to this prerequisite to injunctive relief.

**4.  Public interest**

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (quotation marks and citation omitted).

Plaintiff contends that the issuance of an injunction would serve the public interest in resolving and preventing further retaliation.  (Doc. # 48 at 7.)

The factual record is simply not developed enough for the court to determine whether injunctive relief is in the public interest.  At this juncture, the record does not justify the court substituting its judgment for that of the prison administrators.

**5.  Conclusion**

The prerequisites for injunctive relief not having been met, Plaintiff's request for a temporary restraining order and preliminary injunction should be denied.

///
///
///
///
///
///
///
///
///
///
///
///

7

## V. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DISMISSING WITHOUT PREJUDICE** Defendant Bryant.

**IT IS HEREBY FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's motion for injunctive relief (Doc. # 48).

The parties should be aware of the following:

1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: March 6, 2012.

_____
WILLIAM G.  COBB
UNITED STATES MAGISTRATE JUDGE

8