**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DEREK ANTHONY COSTANTINO, | ) | 3:10-cv-00078-HDM-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER ADOPTING REPORT AND |
| | ) | RECOMMENDATION IN PART, |
| STATE OF NEVADA, et al., | ) | REJECTING IN PART |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is the report and recommendation of the United States Magistrate Judge (#61), filed on March 6, 2012. In the report and recommendation, the magistrate judge recommends that this court enter an order dismissing defendant Bryant ("Bryant") and denying the plaintiff's motion for a preliminary injunction (#48). Plaintiff objected to the dismissal of Bryant (#66), defendants responded (#70) and accepted service on behalf of Bryant (#69). Defendants also requested leave to amend their answer. (#70). For the reasons set forth below, and good cause appearing, the magistrate judge's report and recommendation is accepted and adopted in part and rejected in part.

To succeed in obtaining a preliminary injunction, the plaintiff must establish: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. *Winter v. Natural Ress. Def. Council*, 555 U.S. 7, 20 (2008). Under the Ninth Circuit approach "'[s]erious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Furthermore, where "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984)(citation omitted). Finally, the court must consider the additional requirements set forth in the Prison Litigation Reform Act ("PLRA"). 18 U.S.C. § 3626. In particular:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

§ 3626(a)(2). Therefore, section 3626(a)(2) limits the power of the court to grant preliminary injunctive relief to inmates. *See Gilmore v. People of State of Cal.*, 220 F.3d 987, 998 (9th Cir. 2000).

With these standards in mind, the court has considered the

pleadings and memoranda of the parties and other relevant matters of record. It has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law. Based on this review, and good cause appearing, the court hereby accepts and adopts the report and recommendation of the magistrate judge in part. Accordingly:

The court rejects the magistrate judge's recommendation that Defendant Bryant be dismissed from this action. Service was accepted on behalf of Bryant after the report and recommendation was filed. Therefore, Bryant remains a defendant in this action.

The court accepts and adopts the magistrate judge's recommendation that plaintiff's motion for a preliminary injunction and temporary restraining order be denied. The plaintiff has not carried his burden in establishing the requirements for a preliminary injunction, and the record is not sufficiently developed in order to grant plaintiff's motion at this time. Therefore, the plaintiff's motion for a preliminary injunction and temporary restraining order (#48) is DENIED.

Plaintiff's motion is dismissed without prejudice to renew. Defendants shall have until May 27, 2012 to file an amended answer.

**IT IS SO ORDERED.**

DATED: This 30th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

3