# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEREK ANTHONY COSTANTINO, | 3:10-cv-00078-HDM-WGC |
| Plaintiff, | |
| vs. | **ORDER** |
| STATE OF NEVADA in rel. THE NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Before the Court is plaintiff's "Motion Requesting Leave of the Court to Serve Interrogatories With Alternative Numbered Format and Additional Number of Interrogatories Upon Defendant(s) Per Rule 33(a)(1) and Rule 26b)(2)."  (Doc. #77.)

Prior to considering the relief plaintiff seeks in his motion with respect to exceeding the number of interrogatories permitted under the Federal Rules of Civil Procedure, and the "unique" formatting of the proposed interrogatories, the Court needs to address the deadline for completion of discovery.  In that regard, the Scheduling Order in this matter (Doc. #59) stated that discovery shall be completed on or before 90 days of the date of the order.  The date of the order was March 2, 2012; therefore, the deadline for completion of discovery was May 31, 2012.  In order for the Court to consider granting plaintiff's motion which seeks leave to serve certain discovery, the Court first has to deal with the deadline for completion of discovery set forth in the Court's Scheduling Order.  According to ¶10 thereof, a statement of proposed amendments is to be filed and served within 60 days of the entry of the Scheduling Order.

Although the plaintiff's motion was not entitled a request for an extension of the discovery deadline, his "Facts and Standards of Law" component of his motion do seem to request an extension:

/ / /

1       "Plaintiff in fairness would also request the Court to extend the time for defendant(s) to
2       answer such for (65) sixty-five days with consideration to extend the discovery time
3       limitation for additional (90) ninety days from date of order (Doc. #59) to September 5,
4       2012 per L.R. 26-4."

5 (Doc. #77 at 3.)

6       Although plaintiff's request to extend the discovery deadline is technically untimely, his motion
7 was served on May 29, 2012, two days before the deadline for completion of discovery. Therefore, good
8 cause appearing, **the discovery deadline is extended for an additional ninety (90) days. The new**
9 **discovery deadline, therefore, will be August 30, 2012.** This process would be consistent with the
10 policy to treat pro se inmate litigation with certain liberality.

11       The Court is not going to address the time defendants shall be allotted to respond to the
12 discovery, but will entertain an appropriate request from defendants should they require additional time
13 to respond to the discovery.

14       The Court will now turn to the issue of plaintiff's request to serve interrogatories in excess of
15 the amount authorized by Fed. R. Civ. P. 33. Under Rule 33(a)(1), a party may serve on any other party
16 "no more than twenty-five written interrogatories, including all discrete subparts." However, leave to
17 serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2). Under
18 subdivision (A) of Rule 26(b)(2), the Court may alter the limits on the number of interrogatories one
19 party seeks to propound on another. Although certain of the proposed interrogatories addressed to
20 named defendants exceed the amount permitted by Rule 33, the Court finds plaintiff has set forth good
21 cause for such interrogatories to exceed, in most cases minimally, the maximum number which may be
22 served.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

While plaintiff has employed what might be characterized as a "unique format" for discovery, plaintiff's motion (Doc. #77) is **GRANTED**. Plaintiff's interrogatories accompanying plaintiff's motion as Doc. #77-1 are deemed served as of the date of entry of this order. The interrogatories adequately explain the defendant to whom they are addressed. **The defendants shall utilize the numbering system employed by plaintiff and each defendant shall respond separately thereto.**

**IT IS SO ORDERED.**

DATED: June 5, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE