UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| DEREK ANTHONY COSTANTINO, | ) | 3:10-cv-00078-RC-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | December 20, 2012 |
| | ) | |
| STATE OF NEVADA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u> Katie Lynn Ogden </u>  REPORTER: <u>          FTR          </u>

COUNSEL FOR PLAINTIFF(S):  <u> Derek Anthony Costantino, Pro Per          </u>

COUNSEL FOR DEFENDANT(S):  <u> Micheline Fairbank                         </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:10 a.m. Court Convenes.

**I. Preliminary Matters**

The court briefly reviews discovery deadlines and notes that there has been no pretrial order filed as of today's date. The court will allow for an extension of time for the parties to file a pretrial order and also directs the courtroom administrator to send plaintiff a copy of Local Rule 16-4 (Form of Pretrial Order). Ms. Fairbank advises the court and plaintiff that the defendants will provide a draft template of the pretrial order so that the plaintiff will not have to create a document from scratch. He can insert his information into the components of the template. The pretrial order shall be filed no later than Friday, February 1, 2013. The court also sets calendar call and trial date in this matter: Calendar Call, April 1, 2013, at 8:30 a.m. and Trial, April 9, 2013, at 8:30 a.m. before Chief Judge Robert C. Jones in Reno, Courtroom No. 6.

**II. Defendants' Notice of Issues to be Addressed at Hearing on Plaintiff's Motion to Compel Discovery (Dkt. 102)**

The court is in receipt of the parties' supplemental documentation concerning the discovery disputes (Dkt. #102) raised in plaintiff's Motion to Compel (Dkt. #88). The court advises the parties that it will use this document to address and attempt to resolve the remaining discovery disputes.

MINUTES OF PROCEEDINGS
3:10-cv-00078-RCJ-WGC
Date: December 20, 2012
Page 2

### a. Interrogatory No. 2

The plaintiff advises that there is no longer a dispute with regard to Mr. Delporto's response; however, there remains a dispute with regard to Mr. Bryant's response.

The court finds that plaintiff has a legitimate objection to defendant's response to Interrogatory No. 2 and Mr. Bryant is ordered to supplement this interrogatory response. Therefore, plaintiff's Motion to Compel (Dkt. #88) as to Interrogatory No. 2 is GRANTED.

### b. Interrogatory No. 8

The court notes that it appears from the records that an approximate date or a range of dates can be determined as to plaintiff's request in Interrogatory No. 8. Therefore, plaintiff's Motion to Compel (Dkt. #88) as to Interrogatory No. 8 is GRANTED. Defendants are ordered to supplement this request with either an approximate date or a range of time period.

### c. Interrogatory No. 11

The court advises the plaintiff that it cannot order the defendants to speculate as to the motivation of other inmates and finds that defendants' response to this interrogatory is sufficient. Therefore, plaintiff's Motion to Compel (Dkt. #88) as to Interrogatory No. 11 is DENIED.

### d. Interrogatory No. 12

The court finds it appropriate for both Bryant and Delporto to clarify their responses. Therefore, plaintiff's Motion to Compel (Dkt. #88) as to Interrogatory No. 12 is GRANTED

### e. Interrogatory No. 45

The court finds that Baker has a legitimate obligation to review the materials at question within this interrogatory and to clarify her response. Therefore, plaintiff's Motion to Compel (Dkt. #88) is GRANTED and defendants are ordered to supplement their response.

### f. Interrogatory No. 122

The court indicates that it appears that this question should have been directed to Baker and not Cox or McDaniels. The court finds that the defendants' response to this interrogatory is satisfactory and that this question may have been directed to the wrong individuals. Therefore, plaintiff's Motion to Compel (Dkt. #88) as to Interrogatory No. 122 is DENIED and defendants' responses are sustained.

MINUTES OF PROCEEDINGS
3:10-cv-00078-RCJ-WGC
Date: December 20, 2012
Page 3

### III. Additional Discovery Disputes

#### a. Plaintiff's Request for Production of Prison Case File E504-0001

Mr. Costantino asserts that a case exists ("prison case file E504-0001", see Exhibit 15, Dkt. #88, pg. 112 of 207)that is relevant to his discovery in this instant matter. Ms. Fairbank indicates that defendants are neither in possession of this case file nor are defendants certain what the case file number pertains to.

In light of the unknown information regarding this "prison case file number", the court requests that Ms. Fairbank contact Mr. Gover in attempt to gain further information regarding plaintiff's assertion that this case number exists or existed at one point in time. Furthermore, should this case exist, defendants shall respond to plaintiff's discovery request for production of the case file.

#### b. Plaintiff's Request for Production of Document IR-2004-24-16

Ms. Fairbank represents that she has been able to find the document plaintiff requested identified as IR-2004-24-16. However, it is the defendants' position that this document is confidential, as it specifically pertains to the STG classification and review, and the document will not be disclosed to the plaintiff.

The court directs Ms. Fairbank to elaborate, in a supplemental response, the defendants' position with regard to this request for production.

#### c. Plaintiff's Inquiry Regarding Extension of Time for Discovery Cut-Off Deadline

The plaintiff inquires whether there will be an extension of time for the discovery deadlines so that the defendants are able to provide plaintiff with a transcript of the due process hearing.

Ms. Fairbank indicates that the defendants are in the process of complying with plaintiff's request; however, they are still in the process of reviewing the transcript and redacting any content where deemed necessary. Ms. Fairbank represents the supplemental responses ordered today and plaintiff's request for the due process transcript will be served on plaintiff prior to the deadline of the joint pretrial order.

### IV. Defendants' Oral Motion to the Court

Ms. Fairbank makes an oral motion to withdraw any inference or assertion that the admissions by defendant Baker are deemed admitted. Ms. Fairbank explains that Ms. Baker's

MINUTES OF PROCEEDINGS
3:10-cv-00078-RCJ-WGC
Date: December 20, 2012
Page 4

responses to plaintiff's discovery were inadvertently never copied and pasted into the overall production of discovery documents served on plaintiff. Ms. Fairbank represents that the responses have been recently mailed to plaintiff and should be in his possession fairly soon.

In view of the unusual discovery in this matter and the multiple interrogatories served on multiple defendants, the court finds the defendants' inadvertent, untimely discovery production is excusable neglect, at worst. The court determines that there is no adverse inference to be taken from the late responses as to defendant Baker's admissions.

10:57 a.m. Court Adjourns.

**IT IS SO ORDERED.**

                                               LANCE S. WILSON, CLERK

                                        By:              /s/
                                                 Katie Lynn Ogden, Deputy Clerk