Derek Anthony Costantino
Name
ESP P.O Box 1989
Ely, Nevada 89301
Address

#50171
Prison Number

```
                    FILED          RECEIVED
                    ENTERED        SERVED ON
                         COUNSEL/PARTIES OF RECORD

                    MAR 22 2013

                    CLERK US DISTRICT COURT
                    DISTRICT OF NEVADA
              BY:                        DEPUTY
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DEREK ANTHONY COSTANTINO,               )
                        Plaintiff,      )
                                        )
                    vs                  )
HOWARD SKOLNIK (Former) Director of NDOC, )
JAMES G COX, Assit Director of Nevada Department of Correction )
E.K Mc Daniels, WARDEN of ELY State Prison of NDOC )
ADAM ENDEL (FORMER) ASSociate Warden of Programs of ESP )
RENEE BAKER (Current Warden of ESP Formerly ASSoc Warden Programs )
DEBRA BROOKS (Former) ASSociate Warden of Operations of ESP )
RONALD BRYANT (Formerly ESP CERT Sgt) Currently LT. ESP, )
PAMALA DELPORTO, Inspector General Inspector )
General's Office of the NDOC, )
JERRY BAINBRIDGE (Former) ESP Sgt. of NDOC, CERT )
ROBERT HUSTON Sgt. ESP of NDOC, )
PATRICK CONNWAY (FORMER), Inspector General NDOC. )
                        Defendant(s).    )

CASE NO. 3:10-CV-00078-RCJ-WGC
(To be supplied by the Clerk)

2nd AMENDED

CIVIL RIGHTS COMPLAINT
PURSUANT TO
42 U.S.C. § 1983

JURY TRIAL DEMANDED

## A. JURISDICTION

1)      This complaint alleges that the civil rights of Plaintiff, Derek Anthony Costantino,
                                                (print Plaintiff's name)

who presently resides at ESP, P.O BOX 1989, ElY, Nevada 89301, were
                          (mailing address or place of confinement)

violated by the actions of the below named individuals which were directed against

Plaintiff at Ely State Prison, in Ely, Nevada on the following dates
             (institution/city where violation occurred)

7-12-07 to Current day, 6-26-08 to 1-15-09, and 7-24-08 to Currently on Going
    (Count I)              (Count II)                  (Count III)

§1983-Form
eff. 1/97

1



**Make a copy of this page to provide the below
information if you are naming more that five (5) defendants**

2)   Defendant  Howard Skolnik          resides at  5500 Snyder Ave Carson City NV. 89701
    (full name of first defendant)                (address of first defendant)

and is employed as (former) Director of Nevada Dept. Corrections This defendant is sued in his/her
    (defendant's position and title, if any)

   X individual  X official capacity. (Check one or both).  Explain how this defendant was
acting under color of law: Pursuant to NRS 209.131 under the color of State law as
an employee of the Nevada Dept. of Corrections and NRS 209.132.

3)   Defendant  James Greg Cox          resides at 5500 Snyder Ave Carson City NV. 89701
    (full name of first defendant)                (address of first defendant)

and is employed as (currently) Director of NDOC          . This defendant is sued in his/her
    (defendant's position and title, if any)

   X individual  X official capacity. (Check one or both).  Explain how this defendant was
acting under color of law: Pursuant to NRS 209.131 & NRS 209.246 under the color of State
law as an employee of the Nevada Dept. of Corrections, and NRS 209.132, NRS 209.361

4)   Defendant  E.K McDaniel          resides at  5500 Snyder Ave Carson City NV. 89701
    (full name of first defendant)                (address of first defendant)

and is employed as (currently) Asst. Dir. of NDOC operations This defendant is sued in his/her
    (defendant's position and title, if any)

   X individual  X official capacity. (Check one or both).  Explain how this defendant was
acting under color of law: Pursuant to NRS 209.161 & NRS 209.246 under the Color of State
law as an employee of the Nevada Dept of Corrections, NRS 209.361

5)   Defendant  Adam Endel          resides at  1077 Old Hot Springs Rd #A
    (full name of first defendant)          Carson City Nev. 89701
                                    (address of first defendant)

and is employed as (former) Asso. Warden Programs ESP  . This defendant is sued in his/her
    (defendant's position and title, if any)

   X individual  X official capacity. (Check one or both).  Explain how this defendant was
acting under color of law: NRS 209.161, NRS 209.246, NRS 209.341, 209.351, NRS 193.168
NRS209.131 under color of State law as an employee of the Nevada Dept. of Corrections NRS207.360
NRS 207.390, NRS 209.132

§1983-Form
eff. 1/97                    2

**Make a copy of this page to provide the below
information if you are naming more that five (5) defendants**

b 6) Defendant <u>Renee Baker</u> resides at <u>4569 N. State Rt. 490, Ely Nev. 89301</u>
       (full name of first defendant)                (address of first defendant)

and is employed as <u>(current) Warden ESP(former AWP ESP)</u>. This defendant is sued in his/her
                        (defendant's position and title, if any)
___✓___ individual ___✓___ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>NRS 209.161, NRS 209.242, NRS 209.341, NRS 209.351, NRS 209.131</u>

<u>NRS 209.132, NRS 209 193.168. under color of law as an employee of the NDOC, NRS 209.361</u>


7 6) Defendant <u>Debra Brooks</u> resides at <u>4569 N. State Rt. 490, Ely Nev. 89301</u>
       (full name of first defendant)                (address of first defendant)

and is employed as <u>(former) Asso. Warden Of Operations ESP</u>. This defendant is sued in his/her
                        (defendant's position and title, if any)
___X___ individual ___X___ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>NRS 209.161, NRS 209.242, NRS 209.341, NRS 209.351, NRS 193.168, NRS 209.131</u>

<u>NRS 209.132, Under Color of law as an employee of the Nev. Dept. of Corrections.</u>


8) Defendant <u>Ronald Bryant</u> resides at <u>4569 N. State Rt. 490, Ely Nev. 89301</u>
       (full name of first defendant)                (address of first defendant)

and is employed as <u>LT of ESP(formerly CERT SGT of ESP)</u>. This defendant is sued in his/her
                        (defendant's position and title, if any)
___X___ individual ___X___ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>NRS 193.168, NRS 207.360, NRS 207.340, NRS 209.132, under color of law</u>

<u>as an employee of the Nevada Dept. Of Corrections.</u>


9 5) Defendant <u>Pamela Delporto</u> resides at <u>5500 Snyder Ave Carson City Nev. 89701</u>
       (full name of first defendant)                (address of first defendant)
and is employed as <u>NDOC Inspector General (formerly Investigator Gen.</u> This defendant is sued in his/her
                        (defendant's position and title, if any)
___X___ individual ___X___ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>NRS 193.168, NRS 209.132, NRS 207.360, NRS 207.340, under color of law</u>

<u>as an employee of the Nevada Dept. Of Corrections.</u>

**Make a copy of this page to provide the below**
**information if you are naming more that five (5) defendants**

10) Defendant __Jerry Bainbridge__ resides at __4569 N. State Rt. 490, Ely, Nev. 89301__
              (full name of first defendant)                    (address of first defendant)

and is employed as __Former ESP CERT Sgt. (SGT)__. This defendant is sued in his/her
                      (defendant's position and title, if any)

__X__ individual __X__ official capacity. (Check one or both). Explain how this defendant was

acting under color of law: __NRS 193.168, NRS 209.133, NRS 207.360, NRS 207.390 under__
__color of state law as an employee of the Nevada Dept. of Correction.__

11) Defendant __Robert Huston__ resides at __4569 N. State Rt. 490, Ely, Nev. 89301__
              (full name of first defendant)                    (address of first defendant)

and is employed as __(Disciplinary Chairman Sgt.) Sgt. ESP__. This defendant is sued in his/her
                      (defendant's position and title, if any)

__X__ individual __X__ official capacity. (Check one or both). Explain how this defendant was

acting under color of law: __NRS 209.161, NRS 209.246, NRS 209.341, NRS 209.351 under__
__color of state law as an employee of the Nevada Dept. of Corrections. NRS 209.361.__

12) Defendant __Patrick Conmay__ resides at __5500 Snyder Ave, Carson City, Nev. 89701__
              (full name of first defendant)                    (address of first defendant)

and is employed as __(Former Inspector General of NDOC)__. This defendant is sued in his/her
                      (defendant's position and title, if any)

__X__ individual __X__ official capacity. (Check one or both). Explain how this defendant was

acting under color of law: __NRS 193.168, NRS 209.133, NRS 207.360, NRS 207.390 under__
__color of state law as an employee of the Nevada Dept. of Corrections.__

13) Defendant __Reserved to Amend__ resides at _____,
              (full name of first defendant)                    (address of first defendant)

and is employed as _____. This defendant is sued in his/her
                      (defendant's position and title, if any)

___ individual ___ official capacity. (Check one or both). Explain how this defendant was

acting under color of law: _____

_____

§1983-Form
eff. 1/97

4

**14)** Defendant <u>Reserved to Amend</u> resides at _____,
    (full name of first defendant)                     (address of first defendant)

and is employed as _____. This defendant is sued in his/her
                    (defendant's position and title, if any)

___ individual ___ official capacity. (Check one or both). Explain how this defendant was

acting under color of law: _____

_____

**15)** Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish
    to assert jurisdiction under different or additional statutes, list them below.

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - -

## B. NATURE OF THE CASE

1)   Briefly state the background of your case. Continued to pg 6 to 7

    Count I, Defendant(s) named violated plaintiff's 1st amendment Rights to seek redress
of grievances without being retaliated against by any defendant(s) and his 5th, 14th amendment
rights to due process of laws, through designating him as a member of a Security Threat Group
(STG)/Disruptive Group(DG) as an Aryan Warrior without reliable evidence of plaintiff fitting
any established criterion needed per Operational Procedure 446. Defendant(s) then failed to provide
any of the STG due process procedures per Administrative Regulation 446 on(OP)446, failed to
provide a timely, proper, adequate "designation notice", failed to hold a timely STG due process
hearing, in which such defects later caused his detainment in the MMU to be indefinite and
resulted in an atypical and significant hardship in relation to the ordinary incidents of prison
life.

    Count II, Defendant(s) named violated plaintiff's 1st amendment Rights to seek redress
of grievances without being retaliated against by defendant(s) and his 5th and 14th amendment

- - - - - - - - - - - - - - - - - - - - - - - - - -

6) Defendant _____ resides at _____
            (full name of first defendant)                    (address of first defendant)

and is employed as _____. This defendant is sued in his/her
                    (defendant's position and title, if any)

___ individual ___ official capacity. (Check one or both). Explain how this defendant was

acting under color of law: _____

_____

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish

to assert jurisdiction under different or additional statutes, list them below.

_____

_____

---------------------------------------------

**B. NATURE OF THE CASE** CONTINUED FROM PG 5

1) Briefly state the background of your case.

Rights to due process of Rights when defendant Baker issued fabricated notice of charges on
Plaintiff, disciplinary hearing officer's guilty finding was not based on nor explained the evidence
relied on, nor did the grievance appeal defendants, that defendant McDaniel once plaintiff filed
an appeal, issued and imposed a 2nd additional disciplinary sanction upon plaintiff based upon
the 6/26/08 charges etc. Without a 2nd due process hearing afforded to plaintiff, such placement
in the MWU over the charges and 2nd sanction imposed, created additional deprivation of
property.

    Count III, Defendant(s) violated plaintiff's 1st amendment rights to not be retaliated
against for exercise of his rights and his 5th, 14th amendment right to due process, and deprivation
of property without penological goals etc. When defendant(s) detained plaintiff within the ESP
Max lock down unit indefinitely for, over the label/status of STG designation issues with
out providing a STG due process hearing from 7-24-08 to 10-20-09. Then indefinitely.

---------------------------------------------

6)   Defendant _____ resides at _____,
             (full name of first defendant)                    (address of first defendant)

     and is employed as _____. This defendant is sued in his/her
                        (defendant's position and title, if any)

     ___ individual ___ official capacity. (Check one or both).  Explain how this defendant was
     acting under color of law: _____

     _____.

7)   Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.  If you wish
     to assert jurisdiction under different or additional statutes, list them below.

     _____

     _____.

     ------------------------------------------

## B. NATURE OF THE CASE CONTINUED FROM pg 6

1)   Briefly state the background of your case.

detaining plaintiff within the ESP MHU "indefinitely again" based upon the STG status
and lable alone as STG safety-security issues even after plaintiff had such STG designation
status removed at a successful STG-due process hearing, in which the restraint in the MHU
is indefinite so is the privileges and property deprivation despite the AR 509-507 language
as well as a practical and secure solution to such deprivation and detainment wexisted
to resolve such by placing plaintiff within ESP General population Closed Custody Single
Cell assignment only per ESP Operational Procedure 5.13 section #7. There existed no
penelogical interest in what defendant(s) did then did not do to remedy the wrong; other than
for the purpose of retaliation, that such restraint imposed atypical and significant hardship
on the plaintiff in relation to the ordinary incidents of prison life.

     _____

     _____

     _____.

     ------------------------------------------

§1983-Form
eff. 1/97                         **7**

## C. CAUSE OF ACTION

### COUNT I

The following civil right has been violated: 5th and 14th amendment right to due process of laws and a 1st amendment retaliation claim for utilizing the protected rights to seek redress of grievances.

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Defendant(s) Patrick Conmay, Jerry Bainbridge, Pamela Delporto, Ronald Bryant Debra Brooks, Renee Baker, Adam Endel, E.K. McDaniel, James G.Cox, and Howard Skolnik violated/are violating plaintiff's 5th and 14th amendment rights to due process and 1st amendment right to be protected from retaliation for seeking redress of grievances BY;

1#. Defendant(s) Bainbridge as ESP CERT Sgt. and later Ronald Bryant as ESP CERT Sgt., manufactured and sent, unreliable, unestablished, STG identification documentation to defendant(s) Conmay and Delporto to which did not support plaintiff accured any criterion value points from the (13) catagory(s) of validation to establish evidence to warrant plaintiff to be "Designated" as a Security Threat Group (STG) member, associate of the ultra Violent Prison gang "Aryan Warriors" per ESP Operational Procedure (O.P) 446.

2#. Defendant(s) Conmay and Delporto despite plaintiff not meeting any of the (13) STG criterion related to criminal activity of the STG Aryan Warrior(s) "designated" (not validated) plaintiff on/about 7/12/07, Only for harrassing retaliation, vindictive purposes in order to provoke a Chilling effect on plaintiff to deter his continuing exercise of Constitutional due process rights in filing lawsuits, writs of habeas Corpus's and grievances as well assisting others in the proper way to file such. Was also done in retaliation for Plaintiff's ability through such exercise of rights to avoid long term prior disciplinary Segregation and Sanctions, requested AG criminal prosecutions, and, Federal Rico grand jury indictments .

## COUNT I, Cont.

related to alleged STG Aryan Warrior criminal activity since 8-1-04.

Where on 7/12/07, Federal Rico arrest warrents were executed upon members, associates and suspected Aryan Warriors within the custody of the NDOC, plaintiff was not one of them.

3[#]. Defendant(s) Delporto and Conmay failed to verify and validate ESP CERT Sgt's defendant(s) Bryant and Bainbridge's gathered investigative information and documents photos etc., that allegedly identified plaintiff for designation for (STG) as true, accurate and established plaintiff has qualified under designation criterion as a member, associate with Aryan warriors, "prior" to serving plaintiff the STG/DG designation notice (DOC 1598 form) as well after plaintiff requested a due process hearing and filed grievances (Log#'s 2006-26-42378, 2006-26-55947, 2006-28-50208) per NRS 193.165 NRS 207.360, NRS 207.390, NRS 209.132 et.Seq., AR 446.

4[#]. Defendant(s) Delporto and Conmay failed to return and supply defendant(s) Bryant and Bainbridge a proper notification that plaintiff was designated as an (STG) as of 7-12-07, in order to be able to provide plaintiff a timely served notification of designation (DOC 1598 form). Defendant(s) Delporto and Conmay failed to return and supply defendant(s) Bryant and Bainbridge and appropriate ESP staff a written summary of what information the suspected affiliation is based upon, to prevent supplying plaintiff a defective written notice which did contain ambigous, vague summary of the information the suspected affiliation was based on.

5[#]. Defendant(s) Bryant and Bainbridge, failed to properly execute and follow ESP O.P 446 & A.R 446, NRS 193.165, NRS 209.132, NRS 207.360, NRS 207.390, by providing plaintiff with a timely STG designation notice, that provided a adequate written summary of what information the suspected affiliation is based upon in order to be able to marshal the facts

9

COUNT-I, Cont.

6.[#] Defendant Brooks employed as (AWO) at ESP and required by NRS 209.161(3), to be sure the execution of all policies, enforcement of all AR's, OP's are administered properly per NRS 209.132, NRS 209.131, NRS 209.246, NRS 209.341, NRS 209.351, once she was aware of the constitutional defects with the STG notice on/about 8-6-07 through plaintiffs NDOC 2049 form inmate request. In which defendant Brooks failed to research and contact the appropriate staff and administrator's concerning the due process requirements for STG/DG notice-hearings per O.P446-AR446 in order to provide a timely remedy, where AR 740 grievance procedure in effect at time requires inmates to resolve disputes in an informal manner prior to seeking relief through the grievance process.

7.[#] Defendant(s) Endel and later Baker as AWP at start of July 2009, failed to log plaintiffs STG due process request dated 8-21-07 personally handed to CCSW I Tripp once served his designation notice, per O.P446, and AR446 in effect at time.

Defendant(s) Endel and Baker failed to provide plaintiff written timely notice of a date and time this STG due process hearing would occur, per O.P446 & A.R446 per NRS 209.161, NRS 209.246, NRS 209.341, NRS 209.351, NRS 193.168, NRS 209.132, NRS 209.131.

8.[#] Defendant(s) Conway, Delporto, Endel, Baker (as AWO), Bryant, Bainbridge, McDaniel and Cox, failed to provide a timely-prompt STG due process hearing for over (27) twenty seven months to plaintiff. Defendant(s) Conway, Delporto, Endel, Baker, Bryant, Bainbridge were aware and notified of plaintiffs complaints concerning the STG designation and delay in a due process hearing would cause injury to cause an atypical and significant hardship in relation to the ordinary incidents of prison life, through/by the responses to plaintiffs (3) three seperate institutional grievances filed to which were responded to by defendant(s) McDaniel and Cox. where these defendant(s) contacted defendant(s) Endel, Baker et.al., concerning such per AR 740 pg 10 to 17 in effect at times.

10

COUNT-I, Cont.

9#. The failure of the named defendant(s) to prevent injury of Constitutional dimensions and remedy such by providing a timely STG-due process hearing after the institutional grievances were filed, violates due process of laws and is a drawn inference that such a prolonged delay in holding such a due process hearing was done for retaliatory measures as there existed no penological goal or justifiable excuse for the (27) twenty seven month delay other than to create and subject plaintiff to atypical and significant hardships in relation to the ordinary incidents of prison life, LIKE THE FOLLOWING;

10#. Once plaintiff finished serving a (15) day disciplinary segregation sanction over a fabercated (NOC's), this STG-designation status/lable between 7-24-08 and currently, termed STG-issues, STG-safety security issues was the cause of plaintiff's detainment and indefinite restraint within the ESP's Max Lockdown Unit without ever being afforded a proper-timely STG-due process hearing.

Even after the late STG-due process hearing was held on 10-30-09 and the STG designation status/lable was unproven and never validated such status/lable was to be removed (yet never has been), defendant(s) have kept plaintiff restrained in the MLU Ad-seg for STG-issues from 10-31-09 to 4-30-10, 5-25-11 to 1/11/12, 1-31-12 to current date.

11#. Any involuntary placement then indefinite restraint within the MLU imposed by defendant(s) also subjects plaintiff to automatic indefinite confiscation on personal property and restriction on privileges ie like hobby craft property, See Grievance #2006-27-42710 & #2006-29-78399 and defendant(s) will not provide any DOC3030 forms with written notice summerizing the justification for such indefinite restriction-confiscation specifying the security threat and safety concerns plaintiff poses in possessing the following property;

(i). Hobby craft property (at least stored)

(ii). Blue; Sweat pants, Shirt, Blue; Jeans/Shirts and T-shirts

(iii). Pair of sneakers.

11

## COUNT-I, Cont.

(iv). Sewing Kit        (viii). Sunglasses / baseball hat

(V). blue pair of Shorts      (ix). baby powder / baby oil, tooth paste

(Vi). Canteen bought Soaps

(Vii). Canteen bought lotions

These restrictions Include phone use to once a week where in GP it is once a day, canteen spending amount was only ($50) in general population its ($100) all such punishments without plaintiff being found guilty of any wrong doing matter of fact since 1996 plaintiff has never been given an institutional Charge or found guilty of MJ-10 "STG gang activity" or G-21 "possession of gang materials" and as of 6/28/08 has not received any institutional disciplinary Infractions.

12#. The indefinite restraint in the MWU was extremely atypical and extremely significant in hardship in relation to the ordinary incidents of prison for plaintiff between 7-24-08 and about 1-15-10 due to a 2nd Sanction Imposed upon plaintiff without a 2nd hearing providing due process to plaintiff which Stripped plaintiff of all other personal property and privileges he had left issued under O.P 5.13 Section #8 See Counts II & III in amended Complaint herein.

13#. This STG designation Status/lable and the restraint within the MWU for such status/lable resulted in an atypical and significant hardship in relation to the ordinary incidents of prison life, where it was a Cause for plaintiff's parole request to be denied on 12-5-08, in which without actually being "validated" as a STG active member through a timely STG-due process hearing being afforded prior to the parole board hearing, the parole board Commissioners were provided by defendant(s) unvalidated information in relationship to STG designation as lobled "Active" gang member, not "Association with" as the (DOC 1598 form States) through the parole progress report Submitted to them.

Further the parole progress report gave indication plaintiff was housed in the MWU

## COUNT-I, Cont.

Under maximum custody level, these factors inflammed the Commissioners passion against racisit prison gangs, as these unproven factors inflated plaintiff(s) Dynamic Risk Score (+4 pts), and such unproven information presented an inaccurate history of Plaintiff's determination to rehabilitate.

Where such created an inference to the Parole Board Commissioners that plaintiff Regressed instead of progressing in his effort to rehabilitate from his last Parole board hearing in Nov. 2006, where such information was not presented to the parole board or report. Defendant(s) Failure to provide a timely STG due process hearing inconjunction with use of this unproven Status/lable in a parole report to the Parole board caused plaintiff's Sentence to be extended 2½ years, in which he could of been paroled to the streets from his 2nd sentence in March of 2013.

14. Defendant(s) named i.e, Delporto, Brooks, Bryant, Baker, Endel and McDaniels Continued use of the STG-designation lable/status without validating such through a STG due process hearing to deny plaintiff's request for stat time restoration of 883941 days per AR 564, transfers to medium custody prisons that provide opportunity in gaining Sentence credits through the Oasis/wings program which ESP does not provide, denial to be moved to ESP Unit 8 workers unit to have the opportunity to earn work time credits towards Sentence (Since no other programs plaintiff has not taken existed at ESP that award such Sentencing credits) as well prolonged plaintiff's Sentence.

15. Defendant(s) named failed to provide any evidential support at the unexcusable late STG-due process hearing held (27) twenty seven months from the designation of plaintiff on 7-13-07, that would excuse this delay for "request has been forwarded for appropriate Staff to Schedule", "has been forwarded to appropriate staff together information" etc. When the lack of information and evidence produced at the hearing by defendant(s) designees, which caused/or was suppose to cause the removal of the STG-

13

COUNT- I, Cont.

designation lable/status proved evidence that the designation and prolonged delay in due process hearing was vindictive harassing retaliation motivated not for any penelogical objective or goal when the hearing showed the following;

(i). No actual "STG" investigation, information and evidence gathering took place between 7-12-07 (or prior ") and 10-20-09 to justify the long delay in the due process hearing.

(ii). No actual evidence was presented at the hearing to prove plaintiff had even met one value point of STG criterion to have even caused for him to be designated for STG status/lable.

(iii). No evidence was mentioned of any verifiable ordered hit was issued against plaintiff to justify defendant(s) Bryant, Brooks and Delporto's, Endel, Baker, and McDonnels reason to deny plaintiff's release to GP single cell assignment only per. O.P 5.13 Section #7, or transfer request as well as stat time restoration request, nor to continue plaintiffs involuntary Protective Segregation in the MWU per AR 509 & AR 507, nor does AR 446 and OP 446 specifically require any inmate to be moved and restrained within the MWU as Ad-Seg or involuntary Protective Segregation once designated as a STG for non-disciplinary reasons.

16#. Defendant Skolnik in delegating the other named defendant(s) herein the exercise, discharge in his name as Director any power, duty or function imposed upon the director, the enforcement, execution of all policys and regulations of the department in relationship to the Identification and Management of inmates affiliated with STG/DGS per AR 446, NRS 209.131, NRS 193.168, NRS 207.360, NRS 207.390, therefore all acts or failure to act by the other named defendant(s) herein that violated plaintiff's Constitutional Rights described herein shall be deemed an act of Defendant Skolnik per NRS 209.132(1) (2). as well.

14

## COUNT II

The following civil right has been violated: 5th and 14th amendment right to due process and 1st amendment right not to be retaliated against for excercise of rights, right to redress of grievances.

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Defendant(s) Baker, R. Huston, Endel, McDaniel and Cox as well Skolnik violated Plaintiff's 5th and 14th amendment right to due process and 1st amendment right not to be retaliated against for the exercise of protected rights and right to seek redress of grievances, BY;

1#. Plaintiff was housed and celled in ESP General Population Closed Custody Unit 7 A-wing-cell #4, Single Cell assignment from around 3-27-07 to 6-26-08. Defendant Baker as Caseworker at time was never involved in Case work management in Unit 7 A/B wing(s), nor ever had direct Contact with plaintiff concerning housing assignments, only CCSW I C. Tripp then later C. Large was.

2#. In (GP) general population Closed custody at ESP, Units 5 to 7 at time, inmate to inmate Contact and communication either physically or verbally is severly restricted unless you have a Cellmate to talk to, even Contact with Custody staff is Strick and monitored. Inmates in the Same unit in same wing to be able to communicate with one another in different Cells must either attempt to yell over other inmates already yelling to other inmates out the Cell door, which causes Strife, and is difficult to hear and get the gist of the Conversation (i.e. "do you want to Cell up"?) or inmates must "Fish" with eachother.

Inmates from one Unit cannot communicate with inmates in other Units, it is practially impossible and against the rules. This type of environment described in GP is (5) five times more restrictive in Contact and communication between inmates or Custody staff in the ESP MWU.

## COUNT II, cont.

Since the cells in the MLU have steel plates weilded at the bottoms, sides and as well on the tark box on the cells.

General Population Closed Custody inmates in ESP are afforded all of their property - privileges alotted under O.P 7.10 and O.P 2.10.

3#. Plaintiff around 6-20-08 was told by unit 7A/8 case worker Casandra Large to try looking for someone to double cell with to stay in GP closed custody, at this time only about (4) four inmates classified as "White Inmates" were also singled celled at time in Unit 7-A wing. Plaintiff at this time was unaware of any STG safety-Security issues existed of a "verifiable ordered hit, green light" was put out on him even existed, that was discovered by Investigator General III William Reubort in his interviews with Aryan Warrior members in the RICO prosecution between March 2007 and June 30th 2008.

4#. Plaintiff verbally requested inmate Ralph Schneider Noxc#52710, unit 7-A-cell #10, a verbal request was the norm at time, plaintiff requested Schneider as he was plaintiff's cellmate at ESP from 5-18-05 to 9-15-06. Four (4) days later plaintiff and Schneider were told by C. Large the double cell request was denied by CERT, due to STG safety-security reason with Mr. Schneider as he was housed single cell assignment status per ESP O.P 5.13 section #7.

5#. Plaintiff then begun making arraingements with inmate David Speers Noxc#86764 Unit 7-A cell #17 to be cellmates once his current celly Micheal Sonzo #88517 who was on his way home, to which plaintiff lived double celled with Speers at ESP unit 6-A cell #16 in 8/15/96, when Speers was in on a different case. On this same day plaintiff also asked inmate Kody Iverson Noxc#64785, Unit 7-A cell #24, if he would consider double celling again, as we were cell mates at ESP in same unit in Cell #8 from 11-03 to 1-29-04, he agreed and we relaid such to Case worker C. Large verbally at our cells.

16

## COUNT - II, Cont.

6# On 6-26-08, plaintiff was served on ambiguas, Confusing administrative Segregation Notice (DOC 2006 form) Stating Refuses to doublecell with something inmates plaintiff refused to sign such and was escorted to the MLU ad-seg in which all his hobbycraft property was permanatly Confiscated and disposed of instead of Stored with other confiscated property of plaintiff's due to move to MLU (300.00 worth of hobbycraft) See grievance Log# 2006-27-42710

7# On 6-30-08, plaintiff received a notice of Charges (NOC's) written by defendant R. Baker on 6-26-08 to which was written in a Faberricated, unsupportive manner inorder to have plaintiff immediately placed in the MLU with property loss Known there existed no intervening hearing provided first.

The notice of charges by defendant R Baker does not Specifically detail when and how plaintiff refused to double cell, nor is there any reference made to any Comments or Statements to Support the defendant(s) Bakers report of Caseworker C. Large.

The notice of Charges report by defendant R. Baker fails to Specify and detail the Known fact that due to information uncovered by Criminal investigator General of the I.G's office William Reubart between March 2007 and June 2008 of a STG ordered "greenlight" hit on plaintiff a Safety-Security issue, prevented plaintiff from being forced into doublecelling or approved by CERT for Such consideration and was the reason plaintiff was in GP Single cell assignement per ESP O.P 5.13 section #7.

8# Defendant R. Baker either failed to follow O.P. 5.13 sections 1 to 6 and AR 707 prior to Filing the disciplinary report on plaintiff for 6-14 refusing to double cell, failure to follow rules-regulations of the Housing Operational Procedure 5.13, by investigating into plaintiff's NOTIS for case note history reports etc., Contacting defendant Bryant of CERT to determine if any Safety-Security issues exist with plaintiff that would void any

## COUNT - II, Cont.

forced double cell housing of plaintiff in GP per O.P 5.13 section #7.

9#. Defendant R. Baker Filing of fabericated NOC's and withholding facts of a Safety-Security issue prevented plaintiff from being approved for double cell assignment in GP per O.P 5.13 #7 nor could it be cause for a NOC's that would immediately be cause for defendant Endel to approve the plaintiff's move to the MWW, as well used as a defense at the disciplinary hearing on 7-9-08 withheld such information of the discovered Ordered hit, Green light issued on plaintiff, from her report and plaintiff not only violates due process of laws it was retalitory. NRS 209-361, NRS 209.246

10#. Defendant R. Baker retaliatory action by circumventing the GP Single cell assignment Criteria of O.P 5.13 section #7, by charging plaintiff with a 6-14 failing to follow regulation O.P 5.13 by refusing to double cell and concealing mitigating safety-security facts, was motivated purely on job security and promotional Zealously in aid to other defendant(s) named retalictory intent, to show these other defendant(s) Endel, McDaniel, Cox how cunning she was, not that such advanced legitimate penological goals, or tailored to achieve such goal, yet aided and promoted and advanced retaliatory goals of the other named defendant(s) against plaintiff for the filing of and challenging the forced double celling in GP at ESP in O.P 5.13, See Grievance Log # 2006-24-15636 especially on how defendant(s) can use such for a tool for retalication, See NRS 209.361, NRS 209.246, NRS 209.341, NRS 209.351, AR 707.

11#. Defendant R. Baker's acts described above kicked started a chain of events that esculated in to collateral Consequences of extreme atypical and significant hardships in relation to the ordinary incidents of prison life once found guilty of the NOC's defendant R. Baker drafted.

18

COUNT- II, Cont.

12#. Defendant Endel who's responsibility per NRS 209.161 it is to ensure that classification committee members i.e defendant R.Baker, Bryant, Brooks comply with the O.P 5.13 procedure, that prior to approving defendant R.Baker's request to transfer move plaintiff to the MLU for refusing to double cell, completely failed to ensure R.Baker reviewed the plaintiff's I-file and NOTIS casenote reports for information in regards to housing in GP of the plaintiff to determine if any safety-security issues prevented defendant(s) from forcing plaintiff into a dangerous, deadly double cell assignment and checked on such personally.

13#. Defendant Endel had looked into plaintiff's files and NOTIS, did check with CERT ie defendant Bryant on any safety-security criteria that prevented defendant R.Baker from sending plaintiff to the MLU with a notice of charges due to plaintiff could not of been allowed to double cell and choose to ignore and conceal such information mitigating to plaintiffs defense of the disciplinary charges at a hearing frustrating and obstructing plaintiffs due process rights. Where defendant Endel knew approving defendant(s) R.Bakers transfer to the MLU of plaintiff would cause property loss and no intervening hearing provided first.

That such was done for retaliatory purpose for plaintiffs lawsuits filed against Endel and other defendant(s) named, for the grievances over the STG-due process hearing being late grievance #2006-26-42378 & #2006-26-55947, as well over poor medical treatment and care at ESP grievance #2006-27-14187 & #2006-26-58970 as well the grievance over the way (defendant(s)) could use O.P 5.13 as a retaliation tool grievance #2006-24-15636.

14#. Defendant R. Huston as disciplinary hearing Sargent on 7-9-08, violated plaintiff's due process rights by denying his request for inmate witnesses David Speer #86764 and Steven Miller #33927, as redundant without any explanation of how their testimony

19

Count - II, Cont.

is considered redundant, NRS 209.351, NRS209.361 AR 707-585, then denied inmate witness Kody Iverson #64785 as relevant? Yet never explained this conflicton in witness denial.

15# Defendant R. Huston on 7-9-08 violated plaintiff's due process for failure to provide a statement of the evidence of defendant R. Baker's report being more reliable than the exculpatory significant statement of evidence produced by Defendant R. Huston as the prisons presentation that under cut the reliability of the report and charges of defendant R. Baker that plaintiff did not attempt to locate a cell mate, i.e., refused to double cell etc. to find plaintiff guilty. Per AR 707-585, NRS 209.351, 209.246, 209.361, that exculpatory evidence being Charges statement.

16# Plaintiff between 7-10-08 and 8-3-08 was still not aware of the fact of a possible STG Green light ordered hit on plaintiff was discovered and divulged to defendant(s) named between May 2007 and June 30th 2008 by criminal investigator general III William Reubart and defendant(s) Baker, Endel, McDaniel concealed such from plaintiff until after disciplinary appeals were finalized in order to prevent plaintiff from marshalling the facts for a defense at the hearing or on appeal in order for plaintiff to show a safety-security issue per O.P 513 section #7 prevented plaintiff from even being approved for any double cell assignment, violating the due process of plaintiff.

17# Defendant(s) McDaniel and Cox (later), Once defendant McDaniel received plaintiff's Disciplinary appeal grievance Log# ~~2004~~ 2006-27-47587 on 7-15-08, this defendant then against AR 707 disciplinary process manual, NRS 209.341, NRS 209.351, NRS 209.361 policy increased the disciplinary sanction of (15) fifteen days disciplinary sanction imposed on 7-9-08, by placing plaintiff's personal property, and phone,

COUNT-II, Cont.

Canteen privileges on confiscation restriction for (180) days, and his privilege to
Visitation restricted for (1) one year and the package program for (2) two years
under O.P. 5.13 section #8.

Defendant McDaniel failed to provide the required due process safe guards to
plaintiff in imposing a 2nd sanction upon plaintiff, by providing a second
set of written notice, a 2nd timely hearing, o 2nd right to call witnesses none
of which was offorded to plaintiff.

18#. Defendant(s) McDaniel and Cox's failure to Correct, remedy as well prevent
this unconstitutional 2nd additional sanction without due process provided through
and at the grievance process under Log# 2006-27-50493 per AR 740 at pg 10 to 17(in
effect at time in question) was done for indifference towards plaintiffs due process
rights.

19#. Plaintiff after filing his Disciplinary Appeal Grievance Log# 2006-27-47587
concerning the disciplinary finding of guilt on 7-9-08 and specifically laidout
the prisons presentation of Case Worker's C. Larges that mitigates plaintiffs
disciplinary defense that he did not refuse to double cell, failed to follow rules and
regulations.

20#. Defendant(s) McDaniel and Cox as 2nd level grievance responder utterly
failed to explain their reasons to up hold the disciplinary guilty finding in failing
to explain how they concluded defendant R. Baker's notice of charges report was
more reliable as "Some evidence", over the exculpatory creditable statement evidence
of Case worker C. Large, provided by the prison defendant R. Huston, that undercut
the reliability of defendant(S) R. Baker's report and supported plaintiff's defense
that he attempted to find some one to double cell with and didnot "Refuse" to deny

21

COUNT - II cont.

plaintiffs disciplinary appeal grievance, Such deprived plaintiff of the due process Safeguards required at disciplinary hearing process per A.R 707 manual process per NRS 209.161, NRS 209.341, NRS 209.351, NRS 209.361. though disciplinary appeal, AR 740.

21[#]. Defendant(s) McDaniel and Cox's disciplinary grievance appeal review was violative of due process as it was tainted by vindictive retaliatory motives against plaintiff for THE FOLLOWING;

(a). The filing of grievance Logs [#]2006-24-15636, [#]2006-27-47587, [#]2006-27-50493, [#]2007-24-6734, which were challenges to the double ceiling procedure O.P/I.P 5.13 its retaliatory purpose used by defendant(s), and appeals due to possible O.P 5.13 section [#]8.

(b). The filing of writs of habeas corpus's, lawsuits and medical grievances to which a lawsuit (class action was filed-settled) in Riker et.al, v. Gibbons et.al, 3:08-CV-00115-LRH-VPC and grievances [#]2006-26-5890, [#]2006-27-14187, [#]2005-24-14419.

(c). Aiding, rough drafting and assisting, Known members, associates, suspected affiliates of the STG Aryan Warriors in writing, filing both criminal and civil writs of habeas corpus Such as Schneider v. E:K McDaniel, 3:06-CV-00449-KJD-RAM and Nick Neff v. Skolnik et.al (McDaniel), White pine County Ely, Nevada, Case No[#] HC0907013 Dept. No 1 dated 7-28-08, as well assisting others in proper filing of grievances

(d). For the Successful Small claims judgement awarded in plaintiffs favor of [$]1,000.00 on Oct. 14[th], 2005 in Justice Court White Pine Case No: 00-05015 and affirmed in State District Court White Pine County Case No: CV-0511146 dated 2-16-06.

22[#]. From 7-15-08 to 1-15-10, defendant(s) named actions and in actions described herein created Collateral Consequences concerning the 2nd Sanctions imposed upon plaintiff in relationship to property and privileges, where such deprivations without due process

22

## COUNT-II cont.

provided, later while plaintiff still remained in the MHU on ad-seg imposed an extreme atypical and significant hardship on plaintiff, restraint of such magnitude deprived liberty in such a manner not expected from his sentence, between 7-24-08 to presently on going.

23#. Defendant Skolnik in delegating the named defendant(s) herein this Count II the exercise, discharge in his name as Director any power, duty or function imposed upon the director, the enforcement, execution of all policys and regulations of the department in relationship to the housing and classification of inmates at ESP, O.P 5.13 as well as the Discipline and hearings of inmates alleged to have committed a prison infraction and the appeal process per AR 707 and AR 740 per NRS 209.131, NRS 209.341, NRS 209.351, NRS 209.361. Therefore all acts or failure to act by these named defendant(s) herein that have not complied with the cited O.P's, ARS and NRS's to which caused a violation of plaintiff's Constitutional Rights described herein shall be deemed an act of defendant Skolnik per NRS 209.132(1)(2), as well.

23

# COUNT III

The following civil right has been violated: 5ᵗʰ and 14ᵗʰ amendment due process rights and a 1ˢᵗ and 14ᵗʰ amendment right to seek redress of grievances and exercise protected rights without fear of being retaliated against.

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Defendant(s) Skolnik, Cox, McDaniel, Endel, Brooks, Baker (as AWP), Bryant, Delporto, are /have violated plaintiff's 5ᵗʰ and 14ᵗʰ amendment due process rights and 1ˢᵗ and 14ᵗʰ amendment right to seek redress of grievances and exercise protected rights without fear of being retaliated against by defendant(s), BY;

1ˢᵗ Defendant(s) Endel, Brooks, Baker failed to follow A.R 507 as well as ESP O.P 7.11 under these facts;

(i). Never provided plaintiff a written Administrative Segregation Notice of Classification hearing NDOC 3003 form on (2) two different occasions plaintiff's classification and housing changed into MHU - Ad-Seg on dates 7-25-08 and 10-6-08.

(ii). Never provided any written, clear, unambiguous, non-vague administrative Segregation Classification results notice (NDOC 3030 form) to plaintiff which provided clear Summary and reason for the following in order to Marshall the facts;

(a). Plaintiff's cause for his continued restraint in the MHU.

(b). A description of the substantial information that restrictions on property – privileges are justified and those justifications truthfully relate to plaintiff's MHU detainment.

Defendant McDaniel is also responsible that the plaintiff is provided such notices and information within such written notices per AR 507 (in effect at time) and ESP O.P 7.11 per NRS 209.131, NRS 209.161, NRS 209.341, NRS 209.351.

2ⁿᵈ. All defendant(s) named were aware and had information or some type of safety.

------------------------------------------------

## COUNT-III, Cont.

issues surrounding Plaintiff since 6-1-08, through investigator general William Reubart's investigative discovery from out of the Federal RICO prosecution of a STG - "Greenlight" hit ordered on plaintiff for "Running his Mouth", yet kept such concealed from plaintiff never fully devulging such to him until around 12-27-09.

Defendant(s) McDaniel, Endel, Brooks, Baker from 7-25-08 to present day still require forcible double celling upon plaintiff to be able to go to ESP GP closed custody, although plaintiff's detainment in the MLU is considered "Involuntary Protective Segregation" per AR 509.01 section #6, AR 509.02 section #2-#3 (effective between 7-25-08 to 4-30-10), inconjunction with AR 507 et. seq., .

3#. Defendant(s) Skolnik, McDaniel, Endel, Brooks, Baker as administrators of the NDOC, including Cox were aware of the provisions of AR 509 through to AR 507 provided a practical solution to remedy the property and privilege restrictions placed upon plaintiff, by providing plaintiff classified (deemed Ad-Seg for "involuntary protective segregation issues" the same living conditions as GP closed custody inmates while housed in the ESP MLU labled Ad-Seg. The other practical solution which would provide not only protection to plaintiff to defendant(s) satisfaction as well restore most of plaintiff's property and privileges would be to classify plaintiff to ESP GP closed custody single cell assignment "Only" as he meets the safety-security criteria for such per O.P 5.13 section #7, see also A.R 509.02 at sections #2 to #4 (in effect at time).

4#. Defendant Skolnik was aware of this practical solution to plaintiff's indefinite restraint in the MLU and the indefinite confiscation of property, restriction on privileges, when he received a letter addressed to him from plaintiff to which he responded to on/about 8-6-09 in an amorgious manner.

Defendant(s) Endel and later Baker were made aware of this practical solution

COUNT-III, Cont.

to plaintiff's indefinite restraint in the MHU and the indefinite confiscation of property etc., when they both attended plaintiff's Full classification hearings, and reviewed such issues at every housing Committee meeting on plaintiff's issue about every (30) days when they as well as defendant Brooks, signed off on plaintiff's (DOC 2020 forms) Administrative Classification Results Notices, as well where they were the grievance coordinator(s) per AR 740.02, 1.4.2.2, reviewed the grievances Log# 2006-28-78299 and #2006-28-94325 at all levels to besure the issues presented by plaintiff (i.e. circumstances of MHU restraint, policy enforcement etc.) were timely grievable issues.

Defendant(s) McDaniel and Cox were additionally made aware of this practical solution to plaintiff's indefinite restraint in the MHU and the indefinite confiscation of property - restriction on privileges, when they responded to plaintiff's grievances Log#'s 2006-28-78299 and #2006-28-94325 that detailed such solution at the 1st and 2nd Levels.

5# Defendant(s) Skolnik, Cox, McDaniel, Endel, Baker, Brooks can not provide any justified penological goal or interest in not immediately considering the practical solution allowed by ESP O.P 5.13 section #7, that would both provide safety and security and protection to plaintiff that concerned Administration – defendant(s) and provide greater opportunity for plaintiff to regain possession of his property and be restored all his privileges.

The only justifiable conclusion for defendant(s) to not remedy, cure such property deprivation and privilege restrictions through enforcement and execution of O.P 5.13 section #7, NRS 209.131, NRS 209.161 to plaintiff's circumstances, insinuates defendant(s) vindictive retaliatory intensions to attempt to chill plaintiff's desire to exercise his constitutional protected rights presently and in the future.

26

COUNT - III, cont.

6#. Where between 7-24-08 to 4-30-10, (then 6-20-12 to Current date), the continued detainment, restraint of plaintiff in the MLU - Ad-Seg after he completed the (15) Fifteen day disciplinary segregation sanction, was now due to the lable/status of the STG-designation termed "STG-Safety Security issues" that created a General population "double cell housing issue" at ESP (but not a G-P single housing issue per O.P 5-13 section #7). Plaintiff therefore is entitled to a meaningful STG-due process hearing at a meaningful time per AR446- O.P 446, which the due process clause and the Wolff v. McDonnell standards guarantees inmate plaintiffs in relation to Security Threat Groups as set forth in <u>Koch v. Lewis</u>, 216 F.Supp.2d 994 (2001) and <u>Taylor v. Rodriguez</u>, 238 F.3d 188 (2000) citing Wolff, prior to restraining plaintiff within the MLU only based on lable/status of STG-designation alone that also includes the imposing of and continued property deprivations.

Including the property and privilege deprivation imposed on plaintiff due to O.P 5-13 section #'s through a 2nd sanction handed down by defendant McDanel without a 2nd hearing held.

7#. Defendant(s) Endel, Brooks and later Baker, failed to at the minimum provide plaintiff even the lesser quantum of due process while housed in the MLU under the Status/lable of STG-designation as Ad-Seg., where plaintiff was never provided a clear, unambigous written notice, Ad-Seg classification results notice(s) (NDOC 2020 forms), between 7-24-08 to 4-30-10 (and from 6-20-12 to Current date) to marshall the cause for his continued restraint in the MLU and confiscation of his property. Plaintiff's unit caseworker at time M. Oxborrow never specifically devulsed the terms/phrases of what "STG issues", "STG-safety Security issues" meant, to plaintiff at any periotical reviews or Full Classification hearings, due to fear of breaching or violating the NDOC Confidentiality policy on STG information.

27

COUNT - III, cont.

8# Defendant(s) Cox, McDaniel, Endel, and later Baker's failure to provide plaintiff with a timely STG due process hearing, with knowledge that such a delay would injure plaintiff at his up coming Parole Board hearing as well knowing that plaintiff's restraint within the MWU based on the STG-lable/status would also serve to injure plaintiff's chances of being paroled, when plaintiff put these defendant(s) on notice of such through the filing of grievance Log#'s 2006-26-42378 and 2006-26-55947.

Where plaintiff went to his parole board hearing without first being provided a STG-due process hearing, and the request for parole release was denied due to plaintiff's dynamic risk score factor was increased due to being labled an Active STG member and in segregation at maxium custody level which prolonged his incarceration term an extra 2 plus years before he would actually be paroled out of prison.

If plaintiff was paroled in Dec. 2008 to his consecutive sentence, based on his current prison adjustment to date with no disciplinarys, no STG lables /status, was eligible (would of been eligible) to be paroled on his 2nd sentence, expired from his 1st sentence on march 15th, 2013, See grievance responses and attachments to Log# 2006-28-92401 with grievance Log# 2006-28-50208.

Defendant(s) failure to provide a prompt timely STG-due process hearing for plaintiff, deprived plaintiff of freedom and liberty interest in a manner not expected from his sentence amounting to a violation of plaintiff's due process rights.

9# Defendant(s) & Baker, Brent, Delporto on 10/20/09 held a STG-due process hearing for plaintiff, to which plaintiff successfully had the STG designation lable/status removed or so he thought it was to be removed, yet plaintiff was still continuously restrained /detained in the MWU for STG lable /status issues that were resolved and disolved at the STG-due process hearing held on 10-20-09.

COUNT-III, cont.

10#. Plaintiff's indefinite restraint within the MWU from 10-21-09 to 4-30-10 (6-30-12 to currently ongoing) was due to defendant(s) McDaniel's, Baker, Brooks reliance on defendant(s) Bryant's and delporto's information that there still existed a proven STG Greenlight ordered hit on plaintiff, that was Known to all defendant(s) since at least 5-15-07, to which defendant(s) designee's of the STG due process hearing not one time put plaintiff on notice of such STG information at the hearing or prior to such by presenting any factual evidence concerning such at this hearing thus the panel removed such designation.

11#. Defendant(s) Bryant, Brooks, and Delporto's only goal and interest in Supplying defendant(s) Endel, Baker, McDaniel, Cox with unproven and removed information of a "verifiable" hit on plaintiff between 6-1-08 and 4-30-10, was to vindictively and for retaliatory reasons to prevent plaintiff from moving to unit 8 workers unit, prevent plaintiff from transferring to a GP medium yard, from being sent to GP at ESP in a single cell for the following reasons;

  (i). Plaintiff only doing (6) six months on a (2) two year disciplinary segregation sentence handed down on 5/26/04.

  (ii). Plaintiff's ability to avoid a criminal prosecution referral request to the Attorney General's Office requested by the NDOC Inspector General's Office based on the incident at ESP, Incident File No. 196935.

  (iii). Plaintiff's filings of State writ of habeus corpus in White pine County Case No. #HC-060200b through to Federal District Court Costantino v. E.K McDaniel, Case No. 3:09-CV-0019?-RCJ-VPC, placing the ESP CERT and Staff's investigation and the reliability of an existence of contents of prison case file E504-0601 cited at the disciplinary hearing on 5/26/04, to find guilt of plaintiff, also Known to the AG's office as Disciplinary File Incident No. 196935 which contained STG info to which plaintiff was never charged with.

29

Count-III, cont.

(iv). Plaintiff never being indicted by the Federal Grand Jury on RICO criminal gang activity as was Aryan Warrior Members, associates, suspects on about 7/12/07.

(v). Plaintiff requesting a STG due process hearing, filing of grievances (3) of them about such STG due process, and "not" opting to debrief, and successfully removing the STG designation on 10/30/09, without having to debrief.

12#. Defendant(s), Bryant, Brooks and Delporto had prior knowledge that an indefinite restraint within the MLU would cause injury to Plaintiff, in that indefinite restraint in the MLU is indefinite deprivation of liberty, privileges and property without proper due process procedures carried out first, If an inmate is eliminated from the opportunity to earn work time sentence credits, to which is the only other program left for "plaintiff" due to indefinite restraint in the MLU his sentence is prolonged.

Compounded by the fact that if while in the MLU STG designation lable/status linger on plaintiff, its a negative impact on his ability to gain parole release, with the fact MLU housing status is another negative impact on chance for parole release and was cause for plaintiff's parole release to be denied.

No other justified penological goals or interest existed in the need for the prolonged restraint of plaintiff in the MLU by defendant(s) other than to subject him to injurious consequences of the indefinite restraint in the MLU based on STG status/lable and not directly related to any overt act of the disciplinary nature, was done as a circumvented scheme to retaliate against plaintiff.

13#. Defendant(s), Skolnik, Cox, McDaniel, Endel and later Baker (as AWP)'s cause to indefinitly detain plaintiff within the MLU-Ad-Seg at ESP under Vague, ambigous terms/phrase's for over (21) twenty one Months, When ESP O.P 5.13 section #7 provided

30

## COUNT-III, cont.

practical ready alternative to the indefinite restraint of plaintiff in ESP MW by housing plaintiff in ESP GP closed custody single cell only, was for retaliatory motive to punish plaintiff for;

(i). The filing of grievance Logs # 2006-24-8828, # 2006-24-15636, # 2006-27-47387 # 2006-27-50493, # 2007-24-6734, which were challenges to the double ceiling OP I.P 5.13 procedure it's retaliatory purpose used by defendant(s) and appeals due to possible OP 5.13 Section # 8 Sanctions.

(ii). The filing of successful property claim grievances Log #'s 2006-28-11670, # 2004-24-3424 and a successful small claims judgement awarded in plaintiff's favor of # 1,000.00 against defendant(s) on 10-14-05 in Justice Court White Pine Case No. CC-05015 affirmed in State district court White Pine County Case No. CV-0511146 dated 2-16-06.

(iii). The filing of medical grievances Log #'s 2006-26-58970, # 2006-27-14187, # 2005-24-14419, to which a classaction was filed and settled in Riker v. Gibbons et al., 3:08-cv-00115-LRH-VPC.

(iv). The aiding, rough drafting and assisting, known validated members, associates, suspected affiliates of the STG Aryan Warriors in writing, filing both criminal and civil writs of habeas corpus petitions such as Schneider v. McDaniel, 3:06-cv-00449-KJD-RAM and Nick Neff v. Skolnik, McDaniel, White Pine County Ely, Nevada Case No. HC-0807013 Dept No. I dated 7-28-09, as well assisting others in proper filing of grievances such as inmate Schneider # 52710 grievance # 2006-24-8829, inmate R. Carmichael grievance # 2006-24-13553, Schneider # 52710 grievance # 2006-24-12642, Rick Saldana # 75300 grievance Log # 2006-24-8916, inmate Zeferino Elizanda # 75730 grievance # 2006-24-8917, inmate Robert Young # 56529 grievance # 2006-24-8822

(v). The filing of a lawsuit over the lost of legal document(s) by ESP law library staff naming defendant(s) McDaniel & Endel, Federal Court Case, Costantino v. Lightsey et al., 3:06-cv-0625-LRH-RAM.

31

Count-III, Cont.

14#. Defendant(s), McDaniel, Skolnik, Endel, Brooks, Bryant and later Baker had knowledge that not only would Plaintiff's indefinite restraint within the MHU result in an atypical and significant hardship in relation to the ordinary incidents of prison life, where the restraint deprived the plaintiff of liberty, privileges, and property as detailed here in Count I pg 11 (#9) to pg 13 (#14) that restrained the plaintiff's freedom in such a manner not expected of his sentence would give rise to a 14th 5th amendment due process violation.

They also were knowledgable in the ability to use such restraint within the MHU as a aspect in retaliatory harassment through attempting to psychologically breaking down plaintiff in an effort to deter him from his continuous exercise of Constitutional rights to file grievances and court actions against defendant(s) (see retaliation grievance Log #2005-24-7796) BY;

(a). Calling plaintiff next door to and close by severly mentally disturbed inmates while restrained in the MHU, where these mentally disturbed inmates either at the same time or one after the other would bang on the walls, sheet metal bunks attached to the walls, the hollow stainless steel toilets, shelfs, and doors as well scream loudly out the doors, all day and night long.

(b). That with defendant(s) depriving plaintiff of his property and confiscating the rest the noise was amplified 7 fold in his cell causing sever lose of sleep, only at times getting (2) hrs of sleep in a week, causing increased headaches, irritability, agitation with loss of appetite, aches and pains from restless sleep causing back problems.

(c). The forcing of Plaintiff to kneel down in filthy, scummy puddles of water in the showers stalls to take of leg shackles which are not needed for plaintiff, where the showers are not cleaned after every individual use, only cleaned late at night after every inmate scheduled for showers has gone (previous grievance #2004-24-844) and only allowing plaintiff access to showers every 3rd day.

32

COUNT - III, Cont.

15.[#] These described extreme atypical and additional significant hardships plaintiff is subjected to for no rules infraction, no criminal activity or investigation for such, through defendant(s) diabolical interest and goal to cause extreme, excessive hardship on plaintiff for the intended reason of a way to retaliate, not for any purpose related to the penological objective to maintain order, security and safety of the NDOC or institutions, and requires due process safe guards to be provided to plaintiff as established in Sandin and Wolff.

33

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action? **X** Yes ___ No.  If your answer is "Yes", describe each lawsuit. (If more than one, describe the others on an additional page following the below outline).

   a) Defendants: E.K. McDaniel et. al.,

   b) Name of court and docket number: 7th Judicial District Court of Nev. HC-0411030

   c) Disposition (for example, was the case dismissed, appealed or is it still pending?):
   Dismissed, then appealed and denied as not related to Calculation of credit of Work or good time.

   d) Issues raised: Whether the liable-status of Security Threat Group person without a STG due process hearing being held prevented petitioner from the opportunity to earn sentencing credits et. seq.

   e) Approximate date it was filed: Nov. 23rd 2009

   f) Approximate date of disposition: May 2011

2) Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?**

   **X** Yes ___ No.  If your answer is "Yes", describe each lawsuit. (If you have had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline).

   Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

   a) Defendants: Debi Lightsy et. al.,

   b) Name of court and case number: United States District Court 3:06 cv-00635-LRH-RAM

   c) The case was dismissed because it was found to be (check one): ___ frivolous ___ malicious or **X** failed to state a claim upon which relief could be granted.

   d) Issues raised: 1st amendment right to access to the Courts, 14th amendment Right to due process of laws

   e) Approximate date it was filed: 10-19-06

   f) Approximate date of disposition: 1-1-07

   Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

   a) Defendants: None Known

§1983-Form
eff. 1/97

34

b)     Name of court and case number: _____N/A_____.

c)     The case was dismissed because it was found to be (check one): ____ frivolous ____ malicious or ____ failed to state a claim upon which relief could be granted.

d)     Issues raised: _____N/A_____

_____

e)     Approximate date it was filed: _____N/A_____

f)     Approximate date of disposition: _____N/A_____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a)     Defendants: _____N/A_____.

b)     Name of court and case number: _____N/A_____.

c)     The case was dismissed because it was found to be (check one): ____ frivolous ____ malicious or ____ failed to state a claim upon which relief could be granted.

d)     Issues raised: _____N/A_____

_____

e)     Approximate date it was filed: _____N/A_____

f)     Approximate date of disposition: _____N/A_____

3)     Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? **X** Yes ____ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ___ disciplinary hearing; (2) ____ state or federal court decision; (3) ___ state or federal law or regulation; (4) ___ parole board decision; or (5) ____ other _____.

If your answer is "Yes", provide the following information. Grievance Number 2006-26-42378 → 2006-26-55947, 2006-28-50208, 2006-24-15636, 2006-87-47587, 2006-27-50447, 2006-28-78291 2006-28 94325 Date and institution where grievance was filed Sept. 2006 to 3-25-10

Response to grievance: All (9) eight grievances were responded to with vague, ambiguous answers that had not addressed nor attempted to correct the wrong grieved per AR 740, including grievance # 2006-27-42710 _____

_____

_____

§1983-Form
eff. 1/97

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

1#. Mandantory Injunction order for defendant(s) TO; Immediately Release Plaintiff Back to ESP General Population Closed Custody "Single Cell assignment" only per ESP O.P 5.13 section #7 indefinitely (OR) Allow plaintiff the exact equal privileges and property alotted to ESP GP inmates while Plaintiff remains in the MWU-ad-seg under STG safety-security issues - or safety issues at any NDOC institution. (OR) Transfer plaintiff to a medium custody Nevada Prison "SDCC" Warmsprings."

2#. Nominal damages in the amount of between $40.00 ºº to $80.00 ºº per day without being provided a timely STG due process hearing, including an additional $80.00 ºº to $125.00 ºº per day housed ↘

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____
(Name of person who prepared or helped
prepare this complaint if not Plaintiff )

_____
(Signature of Plaintiff)

3-13-13
(Date)

### E. REQUEST FOR RELIEF Continued.
(Additional space if needed; identify what is being continued)

Within the MWU-ad-seg for STG issues after the STG designation was removed.

3#. Compensatory Damages in the amount of $12,000 ºº for the fictious notice of charges and removal of plaintiff to the MWU causing the destruction/loss of $200 ºº of hobbycraft property and the indefinite confiscation of other property, the prolonging of plaintiff's sentence (9) plus years due to denial of parole in Dec. 2008 based on the STG lable of "Active Gang Member" and detainment in Segregation Max custody unit for STG designation issues without plaintiff being provided a timely STG due process hearing 1st.

4#. Punitive Damages, in the amount of between $5,000 ºº to $15,000 ºº per each defendant named in each Count found liable of violation of plaintiff's rights.

5#. Attorney Fees and Cost per 42 USC § 1988(b) and 28 USC § 2412 (d)(2)(A) currently in the amount of $6,290 ºº plus TBD if case continues on.

§1983-Form
eff. 1/97

36